CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
July 30, 2026

LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| PPI/TimeZero, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Zenith Firearms, Inc., | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | Civil Action No. 3:24-cv-00037 |
| v. | ) | |
| | ) | |
| SouthStar Financial, LLC | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Critzer Road Holdings, LLC, | ) | |
| | ) | |
| Intervenor-Defendants. | ) | |

**MEMORANDUM OPINION**

This matter is before the court on Defendant Zenith Firearms, Inc.'s ("Zenith")

Motion for Judgment on the Pleadings and Partial Motion to Dismiss SouthStar Financial

LLC's ("SouthStar") crossclaims. (Dkt. 148.) Zenith argues that SouthStar's crossclaim is

deficient and should be dismissed, and that SouthStar's prayer for injunctive relief is beyond

the scope of the court's jurisdiction over this crossclaim. For the following reasons, the court

will grant Zenith's motion.

## I.    Background

In October 2018, SouthStar filed a UCC-1 financing statement in Virginia against all

of Zenith's assets. (Dkt. 61 at 12.) On or about February 26, 2019, SouthStar, Zenith, and

certain entities affiliated with Zenith entered into a Non-Recourse Factoring Agreement and Security Agreement ("Factoring Agreement") and other financing documents. (*Id.*) SouthStar agreed to provide capital to Zenith in return for being granted a first priority security interest in all of Zenith's assets. (*Id.*) In October 2023, SouthStar continued its UCC-1 financing statement against all of Zenith's assets. (*Id.*) The financing statement states that:

> THE ACCEPTANCE OF ANY SECURITY INTEREST BY ANYONE OTHER THAN THE SECURED PARTY OR THE DEBITING OF DEBTOR'S ACCOUNTS IS LIKELY TO CONSTITUTE TORTIOUS INTERFERENCE WITH SECURED PARTY RIGHTS, TORTIOUS INTERFERENCE OF CONTRACT, OR COLLUSION.

(*Id.* at 12–13.)

PPI/TimeZero, Inc. ("PPI") filed this action against Zenith on May 20, 2024. (Dkt. 1.) PPI alleges that Zenith granted PPI a purchase money security interest in "the Collateral," which includes various machinery and inventory listed in a settlement agreement between PPI and Zenith. (Dkt. 61 at 13.) On December 20, 2024, the court granted SouthStar's motion to intervene in the action as a defendant. (Dkt. 55.) After PPI filed an amended complaint on January 8, 2025, (Dkt. 59), SouthStar filed an answer, crossclaim against Zenith, and counterclaim against PPI on January 10, (Dkt. 61).

In its answer and crossclaim, SouthStar alleges "[u]pon information and belief" that most of Zenith's assets, including the Collateral at issue in this action, are located at a property in Afton, Virginia. (*Id.* at 13.) Additionally, SouthStar alleges that "under the Factoring Agreement and other obligations," Zenith owes SouthStar "well in excess" of the value of the Collateral. (*Id.* at 14–15.) Finally, SouthStar alleges that Zenith "defaulted on its obligations

to SouthStar," (*id.* at 18), and asks the court to enter orders authorizing SouthStar to foreclose on all of Zenith's assets, including the Collateral at issue in this action, (*id.* at 19).

On November 13, 2025, Zenith filed a motion for judgment on the pleadings and a partial motion to dismiss SouthStar's crossclaim.  (Dkt. 148.)  Zenith asks the court to dismiss the crossclaim in its entirety for failure to state a claim and to dismiss or strike Paragraph E of SouthStar's prayer for relief, which asks the court to enter an order for foreclosure of SouthStar's security interest in all of Zenith's assets.  (*See id.* at 1–2.)  SouthStar responded in opposition on November 25, and Zenith replied on December 2, 2025.  (Dkts. 152, 155.)

## II.    Standard of Review

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed— but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  A court properly grants a motion for judgment on the pleadings if "it appears certain that the [nonmovant] cannot prove any set of facts in support of [its] claim entitling [it] to relief."  *Pulte Home Corp. v. Montgomery Cnty.*, 909 F.3d 685, 691 (4th Cir. 2018) (quoting *Priority Auto Grp., Inc. v. Ford Motor Co.*, 757 F.3d 137, 139 (4th Cir. 2014)).  In making this determination, the court employs the same standard of review that applies under Rule 12(b)(6).  *Mejico v. Alba Web Designs, LLC*, 515 F. Supp. 3d 424, 429 (W.D. Va. 2021) (quoting *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014)).

Motions to dismiss under Rule 12(b)(6) test the legal sufficiency of a complaint.  *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  They do not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  *Bing v. Brivo Sys.,*

*LLC*, 959 F.3d 605, 616 (4th Cir. 2020) (quoting *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016)).  To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient factual allegations to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  In reviewing a motion to dismiss for failure to state a claim, "a court must consider the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff."  *Bing*, 959 F.3d at 616.

Challenges to subject matter jurisdiction brought under Federal Rule of Civil Procedure 12(b)(1) may take one of two forms: (1) a facial challenge, which asserts the "complaint simply fails to allege facts upon which subject matter jurisdiction can be based"; or (2) a factual challenge, which asserts "that the jurisdictional allegations of the complaint [are] not true."  *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).  When a defendant raises a facial challenge to subject matter jurisdiction, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction."  *Id.*

### III.    Analysis

Zenith alleges that SouthStar's crossclaim fails to state a plausible claim for foreclosure and therefore should be dismissed in its entirety.  (*See* Dkt. 148 at 1–2.)  Additionally, it argues that SouthStar's request to foreclose on *all* of Zenith's assets is beyond the scope of this action

such that the court does not have subject matter jurisdiction over it.  (*See id.* at 2–3.)  For the following reasons, the court will dismiss Southstar's crossclaim.

### A.  Motion for Judgment on the Pleadings

The court first addresses Zenith's motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).[1]  SouthStar alleges that Zenith owes it "well in excess of the value and/or amount of the Collateral at sale, auction, or otherwise" because Zenith "defaulted on its obligations to SouthStar."  (Dkt. 61 at 14, 18.)  Therefore, SouthStar claims it "is entitled to enforce its security interest on the Collateral."  (*Id.* at 18.)

SouthStar does not allege sufficient facts to state a claim for foreclosure.  The parties agree that Virginia's foreclosure statutes govern a secured creditor's rights to foreclose on collateral.  (*See* Dkt. 149 at 7–8; Dkt. 152 at 12.)  In Virginia, a secured creditor may take possession of collateral "[a]fter default."  Va. Code Ann. § 8.9A-609(a).  "Courts apply the meaning of default as assigned by the parties in a security agreement or as developed by common law."  *Barnette v. Brook Road, Inc.*, 457 F. Supp. 2d 647, 658 n.8 (E.D. Va. 2006).  In its crossclaim, SouthStar does not point to any specific provisions within any agreements that

---

[1] SouthStar argues that Zenith's motion is not timely filed, as all the pleadings in the case had not closed as of Zenith's filing.  (Dkt. 152 at 7, 9–11.)  Because Zenith had already answered SouthStar's crossclaim, (Dkt. 67), and all pleadings relevant to SouthStar's crossclaim against Zenith were closed by the time of filing, the court finds the Rule 12(c) motion timely.  *See* 2 Moore's Federal Practice § 12.38 (3d ed. 2026) ("Although the [Rule 12(c)] motion is typically available only when all pleadings have been served and filed, if all the pleadings for the claims or defenses to which the motion is addressed have closed, the fact that some pleadings remain for later filing does not preclude a motion for judgment on the pleadings.").  Even if Zenith's Rule 12(c) motion was not timely, the court's analysis would not change.  A court may construe an untimely Rule 12(c) motion as a motion to dismiss under Rule 12(b)(6).  *See Mabutol v. Fed. Home Loan Mortg. Corp.*, No. 2:12-cv-00406, 2013 WL 1287709, at *1 (E.D. Va. Mar. 25, 2013).  And the standard for failure to state a claim is the same for motions brought under both rules.  *See Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002).

purportedly constitute default.[2]  SouthStar only broadly alleges that Zenith's default is "evidenced by the outstanding amounts owed under the Factoring Agreement and other obligations." (*Id.* ¶ 44.)  Even if the court were to adopt the ordinary meaning of default, a failure to pay, *Barnette*, 457 F. Supp. 2d at 658 n.8, SouthStar does not allege when Zenith's payments were due or which payments Zenith failed to make.  Without more, SouthStar cannot sufficiently allege default such that it states a claim for foreclosure.  *See, e.g.*, *White v. Trans Union LLC*, No. 1:24-cv-00324, 2025 WL 409660, at *4 (E.D. Va. Feb. 5, 2025) (dismissing breach of contract claim for failure to state a claim when Plaintiffs "not only [made] a conclusory assertion of a breach of a 'user agreement contract,' but . . . further fail[ed] to [identify] which provision of the alleged contract was breached or what obligation Defendants breached in said contract.").  Accordingly, the court will dismiss SouthStar's crossclaim against Zenith.

## B. Partial Motion to Dismiss for Lack of Subject Matter Jurisdiction

Zenith also moves to "partially dismiss or strike" Paragraph E of SouthStar's crossclaim's prayer for relief, which asks the court to order the foreclosure of SouthStar's security interest on all of Zenith's assets.  (Dkt. 148 at 2–3; Dkt. 61 at 19.)  Since the court will dismiss SouthStar's crossclaim, it will deny this motion as moot.

---

[2] In its opposition brief, SouthStar responds to Zenith's motion with detailed allegations of Zenith's default.  (*See* Dkt. 152 at 13–16.)  But this is not sufficient to state a claim.  *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013) ("It is well-established that parties cannot amend their complaints through briefing or oral advocacy.").

## IV.    Conclusion

For the reasons stated above, the court will grant Zenith's motion for judgment on the

pleadings and deny as moot Zenith's partial motion to dismiss.  (Dkt. 148.)

An appropriate Order will issue.

**ENTERED** this 30th  day of July, 2026.

_____

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE